Miscellaneous Docket No. ___

_____

### IN THE
# United States Court of Appeals for the Federal Circuit
_____

IN RE APPLE INC.,

*Petitioner.*

_____

On Petition for Writ of Mandamus to the
United States District Court for the
Western District of Texas
No. 6:22-cv-00351-ADA, Hon. Alan D Albright

_____

## APPLE INC.'S PETITION FOR
## WRIT OF MANDAMUS

_____

Brittany Blueitt Amadi
WILMER CUTLER PICKERING HALE
 AND DORR LLP
2100 Pennsylvania Avenue, NW
Washington, DC  20037

Sarah R. Frazier
WILMER CUTLER PICKERING HALE
 AND DORR LLP
60 State Street
Boston, MA  02109

Melanie L. Bostwick
Jonas Q. Wang
ORRICK, HERRINGTON &
 SUTCLIFFE LLP
1152 15th Street, NW
Washington, DC  20005
(202) 339-8400

Melanie R. Hallums
ORRICK, HERRINGTON &
 SUTCLIFFE LLP
2121 Main Street
Wheeling, WV  26003

*Counsel for Petitioner*

FORM 9. Certificate of Interest

<div align="right">Form 9 (p. 1)<br>March 2023</div>

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

| | |
|---:|:---|
| **Case Number** | |
| **Short Case Caption** | In re Apple Inc. |
| **Filing Party/Entity** | Apple Inc. |

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes.  Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 06/14/2023

Signature:  /s/ Melanie L. Bostwick

Name:  Melanie L. Bostwick

| **1. Represented Entities.** Fed. Cir. R. 47.4(a)(1). | **2. Real Party in Interest.** Fed. Cir. R. 47.4(a)(2). | **3. Parent Corporations and Stockholders.** Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☑ None/Not Applicable |
| Apple Inc. | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐   Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐   None/Not Applicable              ☑   Additional pages attached

| | | |
|---|---|---|
| See attached | | |
| | | |
| | | |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☐   Yes (file separate notice; see below)    ☑   No    ☐   N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑   None/Not Applicable              ☐   Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

**Attachment**

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

Kilpatrick Townsend & Stockton LLP: Alton L. Absher III, Mansi H. Shah, Gail D. Jefferson, Steven D. Moore, Amanda N. Brouillette, Patrick M. Njiem, Kasey E. Koballa

Scott, Douglass & Mcconnico, LLP: Steven J. Wingard, Stephen L. Burbank, Robert ("Robby") P. Earle

Wilmer Cutler Pickering Hale and Dorr LLP: Josefina Garcia, Gilbert T. Smolenski, Rauvin A. Johl, Anna F. Thornton

Kelly Hart & Hallman LLP: J. Stephen Ravel, Kelly Ransom

# TABLE OF CONTENTS

**Page**

CERTIFICATE OF INTEREST .................................................i

TABLE OF AUTHORITIES ...............................................vii

INTRODUCTION...............................................................1

RELIEF SOUGHT...............................................................3

ISSUE PRESENTED ...........................................................3

FACTUAL BACKGROUND AND PROCEDURAL HISTORY ...............4

    Lionra sues Apple for patent infringement in the Western
        District of Texas, despite Lionra having no connection
        to that district. .........................................................4

    Apple seeks transfer to the Northern District of California. ..........5

    Lionra relies on newly disclosed witnesses and LinkedIn
        profiles in its transfer opposition...........................................8

    Based on the district court's practice of rejecting new
        rebuttal evidence in reply, Apple moves to strike. ...............11

    The district court denies Apple's transfer motion and motion
        to strike. ..................................................................13

REASONS FOR ISSUING THE WRIT ................................16

    I.    Apple Has A Clear And Indisputable Right To The
        Writ..................................................................18

        A.    The district court clearly abused its discretion by
            permitting transfer briefing by ambush......................18

            1.    The district court agreed that Lionra violated
                its discovery obligations.....................................19

            2.    The district court clearly abused its discretion
                in finding no prejudice to Apple..........................21

            3.    The district court arbitrarily departed from its
                prior decisions. ...............................................24

B.  Absent the procedural error, the district court would have necessarily granted transfer. ................... 27

C.  Even accepting Lionra's improper evidence, the district court should have granted transfer. ............... 30

1.  The private-interest factors strongly favor transfer. ............................................................ 30

2.  The public-interest factors also favor transfer... 38

II.  Apple Has No Other Adequate Means To Obtain Relief...... 39

III.  Mandamus Is Appropriate Here Because The Equities Heavily Favor Apple. ........................................... 42

CONCLUSION ...................................................... 42

CERTIFICATE OF SERVICE

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*10Tales, Inc. v. TikTok Inc.*,
No. 6:20-CV-00810-ADA, 2021 WL 2043978 (W.D. Tex.
May 21, 2021) ........................................................................... 29

*In re Apple Inc.*,
979 F.3d 1332 (Fed. Cir. 2020) ................................... 16, 34, 38, 39, 40

*In re Apple Inc.*,
No. 2021-181, 2021 WL 5291804 (Fed. Cir. Nov. 15, 2021) ... 28, 36, 39

*Cheney v. U.S. Dist. Ct.*,
542 U.S. 367 (2004) ...................................................................... 16, 41

*CQ, Inc. v. TXU Min. Co.*,
565 F.3d 268 (5th Cir. 2009) ............................................................. 25

*In re Genentech, Inc.*,
566 F.3d 1338 (Fed. Cir. 2009) ........................................ 22, 31, 34, 35

*In re Google LLC*,
58 F.4th 1379 (Fed. Cir. 2023) ..................................................... 32, 33

*In re Google LLC*,
No. 2021-170, 2021 WL 4427899 (Fed. Cir. Sept. 27,
2021) .................................................................. 12, 22, 25, 26, 27, 31

*In re Google LLC*,
No. 2021-171, 2021 WL 4592280 (Fed. Cir. Oct. 6, 2021) ........... 32, 37

*In re Google LLC*,
No. 2021-178, 2021 WL 5292267 (Fed. Cir. Nov. 15, 2021) .............. 35

*In re Hoffman-La Roche, Inc.*,
587 F.3d 1333 (Fed. Cir. 2009) ......................................................... 35

*In re Juniper Networks, Inc.*,
   14 F.4th 1313 (Fed. Cir. 2021) .................................... 22, 29, 31, 38, 39

*LoganTree LP v. Apple Inc.*,
   No. 6:21-cv-00397-ADA, 2022 WL 1491097 (W.D. Tex.
   May 11, 2022) ....................................................................... 12, 25, 27

*In re McGraw-Hill Glob. Educ. Holdings LLC*,
   909 F.3d 48 (3d Cir. 2018) .................................................. 40

*In re Microsoft Corp.*,
   630 F.3d 1361 (Fed. Cir. 2011) ......................................... 18

*In re Microsoft Corp.*,
   No. 2023-128, 2023 WL 3861078 (Fed. Cir. June 7, 2023) ............... 33

*Morgan v. Com. Union Assurance Cos.*,
   606 F.2d 554 (5th Cir. 1979) .............................................. 18

*In re Nintendo Co.*,
   589 F.3d 1194 (Fed. Cir. 2009) ............................... 17, 30, 31

*In re Planned Parenthood Fed'n of Am., Inc.*,
   52 F.4th 625 (5th Cir. 2022) .............................................. 37

*In re Radmax, Ltd.*,
   720 F.3d 285 (5th Cir. 2013) .............................................. 17

*In re Samsung Elecs. Co.*,
   2 F.4th 1371 (Fed. Cir. 2021) ............................................ 31

*Scramoge Tech. Ltd. v. Apple Inc.*,
   No. 6:21-cv-00579-ADA, 2022 WL 1667561 (W.D. Tex.
   May 25, 2022) ......................................................................... 11

*In re TS Tech USA Corp.*,
   551 F.3d 1315 (Fed. Cir. 2008) ......................................... 40

*Uniloc USA, Inc. v. Apple Inc.*,
   No. 2:17-CV-00258-JRG, 2017 WL 3382806 (E.D. Tex.
   July 21, 2017) ......................................................................... 19

*In re Volkswagen AG*,
    371 F.3d 201 (5th Cir. 2004) ............................................................ 32

*In re Volkswagen of Am., Inc.*,
    545 F.3d 304 (5th Cir. 2008) ........................... 16, 17, 31, 38, 40, 41, 42

**Statutes**

28 U.S.C. § 1404(a) ...................................... 3, 8, 10, 16, 17, 18, 20, 30, 38

**Rules and Regulations**

Fed. R. Civ. P. 26 ............................................................................. 19

Fed. R. Civ. P. 26(d) ......................................................................... 19

Fed. R. Civ. P. 26(e) ......................................................................... 20

Fed. R. Civ. P. 26(f) ......................................................................... 19

Fed. R. Civ. P. 37(c)(1) ..................................................................... 20

**Other Authorities**

Discovery and Scheduling Order, *Aire Tech. Ltd. v. Apple
    Inc.*, 6:21-cv-01101-ADA, Dkt. No. 54 (W.D. Tex. Aug. 22,
    2022) ........................................................................................... 24

Discovery and Scheduling Order, *Scramoge Tech. Ltd. v.
    Apple Inc.*, No. 6:21-cv-01071-ADA, Dkt. No. 56 (W.D.
    Tex. Aug. 26, 2022) ................................................................. 11, 20

Discovery and Scheduling Order, *XR Commc'ns LLC v. Apple
    Inc.*, No. 6:21-cv-00620-ADA, Dkt. No. 68 (W.D. Tex. Aug.
    25, 2022) ..................................................................................... 24

Discovery and Scheduling Order, *XR Commc'ns LLC v.
    Asustek Comput. Inc.*, No. 6:21-cv-00622-ADA, Dkt. No. 55
    (W.D. Tex. Aug. 25, 2022) ............................................................ 24

Standing Order Governing Proceedings (OGP) 4.2 (W.D. Tex.
    Sept. 16, 2022), https://tinyurl.com/2ar4cjmt ................................ 19

# INTRODUCTION

It is a cardinal rule that a party cannot litigate by ambush. Discovery is meant to ensure that all parties have access to the evidence relevant to their dispute and can make their legal arguments based on that evidence. This fair process is subverted when a party is allowed to stonewall during discovery and then surprise the other side with new evidence in its opposition brief. Here, however, the district court not only approved of this conduct—it permitted the belated introduction of the precise evidence that it ultimately relied on to deny transfer.

In this patent infringement case brought by Lionra, an Irish plaintiff, Apple moved for transfer from the Western District of Texas to the Northern District of California because the latter is the clearly more convenient forum. Apple asked during venue discovery for Lionra to identify any Texas-based individuals it contended are relevant to the transfer analysis. But Lionra refused to do so. Instead, it waited until its transfer opposition—after venue discovery had closed—to identify and introduce evidence about several Apple employees in Austin that it claimed are potential witnesses. Unable, at that point, to introduce the

evidence that would counter these assertions and demonstrate these employees' lack of relevant knowledge, Apple filed a motion to strike.

The district court agreed that Lionra should have disclosed its contentions during discovery, but it deemed the error harmless and faulted Apple for not attempting to supplement the record with its own evidence—even though the district court had recently criticized Apple for doing exactly that in other cases, and even though Apple *did* seek leave to supplement as an alternative to striking Lionra's evidence. Beyond this inconsistency in its approach, the district court then gave Lionra's evidence decisive weight in its transfer analysis.  Based on Lionra's unsupported assertions that these Austin-based employees had relevant knowledge, the district court weighed the crucial witness-convenience factor against transfer and treated two other factors as neutral (rather than pro-transfer).

The district court's decision to reward Lionra for its discovery misconduct by denying transfer based exclusively on the undisclosed evidence was a clear abuse of discretion.  Left undisturbed, the district court's ruling will incentivize future litigants to engage in the same misconduct to prevent defendants from being able to make their case for

transfer.  That alone warrants mandamus review.  But even apart from this evidentiary problem, the district court's transfer analysis was incorrect and contrary to precedent.  This Court should grant mandamus and order transfer to the Northern District of California.

## RELIEF SOUGHT

Apple respectfully requests that the Court grant this petition for a writ of mandamus, vacate the district court's decision to deny Apple's transfer motion, and remand the case with instructions to transfer this action to the United States District Court for the Northern District of California.

## ISSUE PRESENTED

Whether the district court clearly abused its discretion in refusing to transfer this case to the Northern District of California, where the clear weight of the § 1404(a) convenience factors points, by crediting a handful of irrelevant individuals that the plaintiff belatedly disclosed over the relevant witnesses identified in Apple's sworn declarations.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

***Lionra sues Apple for patent infringement in the Western District of Texas, despite Lionra having no connection to that district.***

Lionra is an Irish technology licensing company headquartered in Dublin.  Appx48.  Lionra claims no ties to the Western District of Texas.  *See* Appx72; Appx82-83.

Nonetheless, in April 2022, Lionra filed this patent lawsuit against Apple in the Waco Division of the Western District of Texas.  *See* Appx37-47.  Lionra filed an amended complaint in July 2022.  Appx48-62.  Lionra accuses various models of Apple's iPhone and iPad products of infringing its patent by virtue of their ability to communicate using 4G/LTE and 5G/NR functionality—specifically, the capacity to receive and transmit radio signals using electronically steerable antennas, converting signals into radio waves, and directing or "beamforming" wireless signals.  *See* Appx49-61; Appx108.  Lionra's infringement contentions depend on the accused products' alleged adherence to certain technical specification documents published by the 3GPP standards organizations.  *See* Appx51-61.

Nothing about this litigation has any meaningful connection to Texas, and there is zero connection to the Waco Division of the Western District of Texas. The accused features in the accused products are implemented in part in chipsets supplied by Qualcomm, a non-party headquartered in San Diego. Appx71; Appx88; Appx115. They were primarily engineered and developed by individuals in the Northern District of California and in San Diego. Appx70. Apple's likely trial witnesses are all in the Northern District of California, including an Apple software engineering manager who leads the team responsible for implementing the Qualcomm chipsets; a senior product manager involved in marketing the accused products; and a senior manager on the IP transactions team responsible for patent licensing. Appx70-71; Appx88-89. In addition, Apple has identified eleven inventors of prior-art references in the Northern District of California and six inventors elsewhere in California. Appx77.

***Apple seeks transfer to the Northern District of California.***

Because this case lacks any connection to the Western District of Texas, Apple filed a motion to transfer the case to the Northern District of California. *See* Appx64-86. Apple's transfer motion explained that

relevant documents and likely witnesses are concentrated in the

Northern District of California, where the accused technology was

primarily engineered and developed, and that neither Lionra nor this

litigation has any connection to the Western District of Texas.  Appx70-

71.  The Northern District of California is where Apple is

headquartered; where its management, primary research and

development, and marketing facilities are located; and where more than

35,000 Apple employees work, including those knowledgeable about the

accused features.  Appx70-71.

Apple submitted sworn declarations from three employees who

would be likely witnesses at trial: (1) Prashant Vashi, a Software

Engineering Manager in the Wireless Technologies and Ecosystems

Group, who leads the team responsible for managing and integrating

the Qualcomm chipsets that implement the accused features in Apple's

products; (2) William True, a Senior Product Manager on the Worldwide

Product Marketing team, who works on marketing concepts and

strategies related to various iPhone features, including 5G capabilities;

and (3) Brian Ankenbrandt, a Senior Manager on the IP Transactions

team, whose team handles patent transactions and licensing matters.

6

Appx87-Appx96.  These employees are all in the Northern District of California, and none of their team members are in the Western District of Texas.  Appx70-72.  They also attested under penalty of perjury that they were unaware of any Texas-based Apple employees that they or their team members work with on the accused technology.  Appx88; Appx92; Appx95.  The custodians of relevant technical documents are in the Northern District of California or elsewhere in California, and not in Texas.  Appx75.

Apple also established by declaration that the research, integration, design, and development of the accused technology took place at Apple's and Qualcomm's facilities in California, and no Texas-based Apple employees work on managing and integrating the Qualcomm chipsets.  Appx75; Appx88.  Furthermore, any relevant Qualcomm documents and witnesses are also in California and subject to the subpoena power of the Northern District of California.  Appx78; Appx88-89; Appx19.

After Apple filed its transfer motion, the parties engaged in venue discovery pursuant to the district court's standard practices.  *See* Appx64-86; Appx100-101.  During that discovery, Apple served an

interrogatory asking Lionra to identify individuals that it "contend[s] are relevant for purposes of transfer under 28 U.S.C. § 1404(a)." Appx179.  Lionra objected to this request, claiming attorney-client and attorney work product privilege, and refused to identify any individuals. Appx179-180.

***Lionra relies on newly disclosed witnesses and LinkedIn profiles in its transfer opposition.***

Lionra filed its transfer opposition brief two weeks after venue discovery closed.  *See* Appx100-101; Appx102-118.  In that opposition, Lionra made little attempt to respond directly to Apple's showing that the Northern District of California was clearly more convenient than the Western District of Texas.  Instead, Lionra relied almost exclusively on the information it had refused to provide to Apple during the three-month venue discovery period: the names of several Texas-based Apple employees whom Lionra contended were relevant but who in fact are not.

Three of those names were the result of Lionra's effort at scouring LinkedIn profiles to try to find Apple employees in Texas to make a connection to this case.  Appx110-111; Appx144-165.  Lionra relied primarily on the employees' general "About" information on their

LinkedIn profiles, not the work they did for Apple.  And while Lionra

argued that these employees "appear to have relevant knowledge,"

Appx110, it made no effort to link their experience to the accused

features in this case, instead simply reciting lines from their LinkedIn

profiles.  *See* Appx168.

For example, Lionra cited engineer Sanjeev Gokhale's experience

"defining, designing and integrating High Speed SerDes Phy sub-

system for communicating between next generation (5G) modem and

RF platforms on Intel and TSMC processes."  Appx110 (quoting

Appx145).  To begin with, Mr. Gokhale's profile does not indicate

whether this experience comes from his last few years working for

Apple or his nineteen years with his previous employer, Intel.  And in

any event, it plainly does not state that he works with the Qualcomm

technology at issue in this case.  Lionra's treatment of the other two

employees was similarly lacking in support.

Lionra also cherry-picked six additional Austin-based Apple

employees from a list of 83 individuals that Apple provided in discovery.

Appx109-110; Appx168-169.  This list was responsive to Lionra's

request for information about any "department, group, team, or any

other organizational unit related to" several job postings for Apple's Austin office.  Appx126; Appx108-109.  Lionra focused exclusively on the six individuals on this list who are based in Austin, ignoring the other 77 who are not.  Appx169.  And again, Lionra made no meaningful attempt to show that these six employees are relevant to this case.  For two of them, Lionra again relied on general descriptions of expertise in their LinkedIn profiles, not on those employees' roles at Apple.  And for the other four, Lionra simply (and inaccurately) asserted that they were part of the "Wireless/RF Systems EPM Group." Appx110; Appx131-143; Appx168-169.

On the remaining § 1404(a) factors, Lionra argued that the sources-of-proof factor weighed against transfer because it contended Apple's declarants did not identify evidence with particularity. Appx112-113.  It asserted the compulsory-process factor was neutral because Apple did not "convincingly" establish the relevance of the prior art and provided no evidence that Qualcomm was unwilling to testify. Appx113-115.  It said the court-congestion factor weighed against transfer because it asserted the Western District of Texas had a faster time-to-trial.  Appx115-116.  And on local interest, Lionra claimed that

10

its newly disclosed Austin-based witnesses made this factor neutral.
Appx116.

**_Based on the district court's practice of rejecting new rebuttal_**
**_evidence in reply, Apple moves to strike._**

As recently as a month before Apple filed its motion to transfer in
this case, the district court had issued orders in other cases faulting
Apple for providing additional evidence in its transfer replies to respond
to arguments made in opposition. *See Scramoge Tech. Ltd. v. Apple*
*Inc.*, No. 6:21-cv-00579-ADA, 2022 WL 1667561, at \*6 (W.D. Tex. May
25, 2022) (*Scramoge I*); *Scramoge Tech. Ltd. v. Apple Inc.*, No. 6:21-cv-
01071-ADA, Dkt. No. 56 at 1-3 (W.D. Tex. Aug. 26, 2022) (*Scramoge II*)
(Appx202-204). Given these admonitions, Apple submitted a reply brief
in this case with no additional evidence. Appx166-175. Instead, on the
same day it filed its reply, Apple opted for the only remaining route
available: Apple filed a motion to strike Lionra's newly disclosed
evidence or, in the alternative, for leave to provide supplemental
evidence. Appx176-189.

In its transfer reply, Apple explained that Lionra's counting of
relevant employees was selective and fundamentally flawed, as
described above. And Apple pointed out that the same logic that led

11

Lionra to include six Austin-based employees—that they were identified by Apple in response to Lionra's discovery request—would also warrant consideration of all 83 employees on the list, including 50 employees in the Northern District of California.  Appx169.

In its motion to strike, Apple requested that the district court disregard the newly disclosed evidence identifying allegedly relevant Apple employees and their associated LinkedIn profiles.  Appx179. Apple explained that, despite serving an interrogatory on Lionra asking it to disclose the Texas-based Apple employees it contended were relevant to the case, Lionra never disclosed these employees.  Appx179-180.  Apple also cited cases in which the district court and this Court have rejected the practice of scouring LinkedIn for speculative assertions of witness relevance.  Appx184; *see LoganTree LP v. Apple Inc.*, No. 6:21-cv-00397-ADA, 2022 WL 1491097, at *7 (W.D. Tex. May 11, 2022); *In re Google LLC*, No. 2021-170, 2021 WL 4427899, at *7 (Fed. Cir. Sept. 27, 2021).  Finally, Apple explained that it was prejudiced by Lionra's untimely disclosures because it was unable to test Lionra's assertions in venue discovery and to provide rebuttal evidence.  Appx185.

12

Apple requested, in the alternative, that the district court permit Apple to provide evidence rebutting Lionra's newly disclosed witnesses and evidence.  Appx179; Appx186-187.

### *The district court denies Apple's transfer motion and motion to strike.*

The district court denied both Apple's transfer motion and its motion to strike.  Appx1.

As to the motion to strike, the district court agreed that Lionra erred by refusing to respond to Apple's interrogatory, because "[t]he names of the employees" Lionra contended were relevant "were not attorney work product."  Appx5-6.  But it ruled that "the untimely disclosure was harmless," essentially because Apple knows the identity of its own employees (though not, of course, which employees Lionra would identify).  Appx6-7.  The district court faulted Apple for supposedly not "spen[ding] the two weeks between the response and reply investigating these employees," notwithstanding its prior rulings that providing new evidence on reply was improper.  Appx7.  The district court also faulted Apple for not "request[ing] leave to provide new information about the employees" before the expiration of the reply

13

period, Appx7, even though Apple made that alternative request in its motion to strike.  Appx179; Appx186-187.

The district court further rejected Apple's argument that the *LoganTree* and *Google* rulings meant that the district court should—like in those cases—disregard a nonmovant's reliance on LinkedIn profiles as speculative.  Appx7; Appx184-185.  Instead, the district court stated that those decisions were distinguishable because, in its view, the plaintiffs in those cases were not faulted for identifying witnesses by combing LinkedIn but for not being specific enough "about the testimony expected from each" witness.  Appx7.

The district court then denied Apple's transfer motion.  Appx25. On the private-interest factors, the district court concluded that the witness-convenience factor weighed against transfer, the compulsory-process factor weighed slightly in favor of transfer, and the access to sources of proof and the practical-problems factors were both neutral. Appx25.  As to the public-interest factors, the district court found every factor neutral.  Appx25.

Critically, in weighing the witness-convenience factor against Apple, the district court credited Lionra's untimely identification of

14

Austin-based Apple employees. Appx11-15. Counting five of Lionra's nine asserted Austin-based employees—the ones for which Lionra provided LinkedIn profiles—against the three California-based employees from whom Apple provided declarations, the district court concluded the witness-convenience factor "weighs against transfer." Appx15. The district court relied on this same analysis to hold the sources-of-proof factor neutral. Because, in its view, there were likely witnesses in both the Northern District of California and the Western District of Texas, "relevant Apple employees likely create and maintain relevant electronic documents in both forums." Appx18.

Likewise, the district court discounted Apple's showing on the compulsory-process factor. Appx18-20. The district court agreed that Qualcomm is a relevant non-party witness within the subpoena power of the Northern District of California and that Lionra had not shown that Qualcomm would be a willing witness. Appx19. The district court nevertheless gave this factor "diminished" weight, because it noted that Apple had not shown that Qualcomm or its employees—who are based in the Southern District of California—would actually be unwilling to testify in the Western District of Texas. Appx19-20. It thus found that

15

the compulsory-process factor weighed only "very slightly in favor of transfer." Appx19.

## REASONS FOR ISSUING THE WRIT

A petitioner seeking mandamus relief must (1) show a "clear and indisputable" right to the writ; (2) have "no other adequate means to attain the relief [it] desires"; and (3) demonstrate that "the writ is appropriate under the circumstances." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 311 (5th Cir. 2008) (en banc) (*Volkswagen II*) (quoting *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380-81 (2004)).[1] All three requirements are met here.

The first and third prongs are satisfied where a district court reaches a "patently erroneous result" by relying on clearly erroneous factual findings, erroneous conclusions of law, or misapplications of law to fact. *Id.* at 310-12, 318-19. The second prong is necessarily satisfied where a district court improperly denies transfer under § 1404(a). *See*

---

[1] On mandamus review of a district court decision concerning transfer pursuant to § 1404(a), this Court applies the law of the regional circuit, here the Fifth Circuit. *See In re Apple Inc.*, 979 F.3d 1332, 1336 (Fed. Cir. 2020).

*id.* at 318-19; *see also In re Radmax, Ltd.*, 720 F.3d 285, 287 n.2 (5th Cir. 2013).

This case meets that high standard.  "[I]n a case featuring most witnesses and evidence closer to the transferee venue with few or no convenience factors favoring the venue chosen by the plaintiff, the trial court should grant a motion to transfer." *In re Nintendo Co.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009).  But the district court denied Apple's transfer motion, giving decisive weight to the alleged witnesses that it acknowledged Lionra should have disclosed during discovery.  Absent that error, the district court would have had to conclude that the § 1404(a) factors favored transfer.  But even with that evidence, it was a clear abuse of discretion to deny transfer.  Lionra failed to show that any of the Austin-based employees know anything about the accused features or products.  Appx168-169.  To the extent the district court credited them based on the general area of technology they work in, that same logic would have also required counting scores of California-based employees.  And the clear weight of relevant witnesses and evidence would still be the Northern District of California.  A proper

analysis of the § 1404(a) factors cannot support the district court's decision.

## I.    Apple Has A Clear And Indisputable Right To The Writ.

### A.    The district court clearly abused its discretion by permitting transfer briefing by ambush.

"The Supreme Court has long urged courts to ensure that the purposes of jurisdictional and venue laws are not frustrated by a party's attempt at manipulation." *In re Microsoft Corp.*, 630 F.3d 1361, 1364 (Fed. Cir. 2011). Indeed, this Court has stated its "diligent[]" application of this principle "in matters of transfer." *Id.* Also applying with equal force in this case is the principle that "discovery and disclosure laws and rules" are "designed to end trial by ambush." *Morgan v. Com. Union Assurance Cos.*, 606 F.2d 554, 556 n.1 (5th Cir. 1979).

The district court clearly abused its discretion by denying transfer in a manner entirely incompatible with these standards. The district court's transfer ruling turned on clear legal and procedural errors that do not serve "the convenience of parties and witnesses" or "the interest of justice." 28 U.S.C. § 1404(a). The district court's reliance on

belatedly disclosed witnesses and evidence in Lionra's transfer

opposition thwarts the very purpose of orderly venue discovery.

### 1. The district court agreed that Lionra violated its discovery obligations.

Authority for venue discovery stems from Federal Rule of Civil

Procedure 26. Though discovery typically does not begin until the

parties develop a discovery plan under Rule 26(f), Rule 26(d) permits

exceptions "by court order"—and district courts invoke this exception to

permit venue discovery. *See, e.g.*, *Uniloc USA, Inc. v. Apple Inc.*, No.

2:17-CV-00258-JRG, 2017 WL 3382806, at *1-2 (E.D. Tex. July 21,

2017) (authorizing venue discovery under Fed. R. Civ. P. 26(d)).

Indeed, the district court's Standing Order for Patent Cases

automatically opens a 10-week venue discovery period once a transfer

motion is filed, after which the nonmovant files its response. *See*

Standing Order Governing Proceedings (OGP) 4.2 at 5-6 (W.D. Tex.

Sept. 16, 2022), https://tinyurl.com/2ar4cjmt (effective when Apple's

transfer motion was filed). This allows each party to discover facts

relevant to the venue inquiry—and facts that the other party will deem

relevant. It also serves the district court's stated goal of making

transfer decisions "based on an accurate identification of the witnesses,

parties, and evidence relevant to [the] case." *Scramoge II*, Dkt. 56 at 1 (Appx202).

That did not happen here. Apple asked Lionra to identify all Texas-based individuals it contended were relevant to transfer and the bases for such contentions. Appx179. But Lionra never provided that information. Appx182-183. Instead, Lionra claimed the information was protected by attorney-client and work product privilege—that is, until it identified several (irrelevant) Texas-based Apple employees for the first time in its opposition brief. Appx108-112; Appx193-197.

This was improper. Lionra was obligated to provide that information during venue discovery, and to supplement its disclosures promptly. Fed. R. Civ. P. 26(e). And, as a penalty for not disclosing that information, Lionra should have been barred from relying on that evidence "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see also* Appx183. The district court agreed with Apple that Lionra's failure to disclose this information was not substantially justified. As the district court recognized, Apple requested "the identity" of the "[p]ersons or physical evidence" in Texas that Lionra "contend[s] are relevant for purposes of transfer under 28

U.S.C. § 1404(a)." Appx6. These names, the district court properly

concluded, were not subject to work-product protection, and thus Lionra

was not justified in withholding their disclosure. Appx5-6.

### 2. The district court clearly abused its discretion in finding no prejudice to Apple.

The district court clearly erred in concluding that Lionra's non-

disclosure was harmless. Appx6-7. Because Lionra did not timely

identify the witnesses and evidence it relied on, Apple could not present

evidence to counter Lionra's unfounded assertions of witness relevance.

Appx185. For example, had it known about Lionra's intent to rely on

these purported witnesses, Apple could have provided declarations

(including from the employees themselves) explaining that Lionra's

assertions of relevance were unfounded because these employees do not

work on the accused technology. *See* Appx185. But because Lionra

disclosed this evidence two weeks after venue discovery closed, *see*

Appx102-118; Appx184, Apple had no way to provide rebuttal evidence

absent leave to do so, which the district court denied. Appx7.

Indeed, Apple's prejudice was particularly pronounced because

Lionra's newly disclosed evidence concerned the crucial witness-

convenience factor. This Court has repeatedly recognized the

21

convenience and cost of attendance of willing witnesses as "probably the single most important factor in [the] transfer analysis." *In re Juniper Networks, Inc.*, 14 F.4th 1313, 1318 (Fed. Cir. 2021) (quoting *In re Genentech, Inc.*, 566 F.3d 1338, 1343 (Fed. Cir. 2009)); *see also Google*, 2021 WL 4427899, at *3 (same).  The district court recognized the same.  Appx8 ("The most important factor in the transfer analysis is the convenience of the witnesses.").  And in this case, witness convenience was the *dispositive* factor; it was the only factor the district court weighed against transfer, and the location of witnesses also drove the district court's finding that access to sources of proof was neutral (rather than weighing in favor of transfer).  Appx15-18; Appx24-25.  Apple was clearly prejudiced by Lionra's reliance on this undisclosed information.

Moreover, though Apple requested a limited continuance to provide rebuttal evidence, the district court denied that request as well.  Appx186; Appx7.  The district court reasoned that Apple was not harmed because it had argued "in its opening brief that employees Lionra 'cherry-picks' via LinkedIn as relevant should fail," and because Apple's brief noted "the lack of specificity in LinkedIn profiles

generally." Appx7. The district court then found that "[t]he lack of prejudice means that a continuance is not needed." Appx7.

But the district court's rationale fails to explain how Apple was not prejudiced. There is a significant difference between stating, as a general matter, that LinkedIn profiles are not reliable evidence and actually addressing specific information about specific individuals. Apple had no opportunity to present evidence on the latter point; it could only argue against the evidence that Lionra submitted. Nor is the prejudice diminished by the fact that Lionra relied on Apple employees, since Apple could not know—because Lionra refused to disclose—which among its many employees Lionra would argue were likely witnesses in this action.

The district court relied exclusively on Lionra's evidence to weigh the witness-convenience factor against transfer. This was clearly prejudicial. Absent this evidence, the only witnesses whose convenience would matter would be the three Apple declarants who are based in the Northern District of California, whose relevance the district court acknowledged and Lionra did not dispute. Appx9-10.

23

### 3.     The district court arbitrarily departed from its prior decisions.

Indeed, the ruling in this case is difficult to reconcile with the district court's approach in prior cases, where plaintiffs have accused Apple of improperly relying on undisclosed venue evidence. For example, in *Scramoge II*, the district court faulted Apple for doing the same thing it faulted Apple for *not* doing here—supplying rebuttal evidence in reply when the plaintiff relied on previously undisclosed evidence in opposing transfer. As a remedy, the district court permitted the plaintiff to file a sur-reply brief with new evidence, stating that, "In fairness, if one party raises new evidence or arguments in a motion, the Court will give the other party a fair opportunity to respond." *Scramoge II*, Dkt. 56 at 1. The district court entered nearly verbatim orders in three other cases, two of which were also against Apple. *See XR Commc'ns LLC v. Apple Inc.*, No. 6:21-cv-00620-ADA, Dkt. No. 68 at 1 (W.D. Tex. Aug. 25, 2022); *XR Commc'ns v. Asustek Comput. Inc.*, No. 6:21-cv-00622-ADA, Dkt. 55 at 1 (W.D. Tex. Aug. 25, 2022); *Aire Tech. Ltd. v. Apple Inc.*, 6:21-cv-01101-ADA, Dkt. No. 54 at 1 (W.D. Tex. Aug. 22, 2022) (Appx210).

The district court's different treatment of late-disclosed venue evidence by Apple versus late-disclosed venue evidence by parties *opposing* Apple was arbitrary and is another clear abuse of its discretion.

Finally, the district court's other stated reason for denying Apple's motion to strike fails to support its decision. One consideration in whether a failure to disclose is harmless is "the importance of the evidence." *CQ, Inc. v. TXU Min. Co.*, 565 F.3d 268, 280 (5th Cir. 2009). The district court reasoned that Lionra's evidence was important and should not be excluded. Appx6-7. In doing so, it concluded that this Court's ruling in *Google*, 2021 WL 4427899, at *7, and the district court's own prior ruling in *LoganTree*, 2022 WL 1491097, at *7—both of which rejected the practice of relying on LinkedIn profiles in transfer briefing—were distinguishable. Appx7. According to the district court, "[i]n both cases, it was not the fact that the employees were found via LinkedIn, [but] rather that Plaintiff in each case was not specific about the testimony expected from each identified witness and their relevance to the case." Appx7.

The district court's interpretation is at odds with the cited decisions. In *Google*, this Court observed that, while "[t]he district court found the potential testimony of Google's former executive Andrew Greene … decisive" in the compulsory-process factor analysis, this conclusion was erroneous. *Google*, 2021 WL 4427899, at *7. That was because the plaintiff "was not at all specific about what testimony it expected to elicit from Mr. Greene, or even if he possesses knowledge of the facts relevant to this infringement action," and offered as its "only support for the potential relevance of Mr. Greene's testimony … what appears to be Mr. Greene's 'LinkedIn' page." *Id.* As such, this Court found it "highly speculative" that Mr. Greene would provide relevant evidence. *Id.* In other words, the conclusion that the plaintiff offered only a LinkedIn profile and the conclusion that it offered non-specific testimony were intertwined; lack of specificity alone was not the problem.

Similarly, the district court itself previously discounted LinkedIn evidence in *LoganTree*. It explained that "articulating the relevance of a party's personnel to a particular case—especially personnel from a company the size of Apple—based only on vague LinkedIn profiles is a

challenge," and it accordingly discounted the relevance of those witnesses as "far too speculative." *LoganTree*, 2022 WL 1491097, at *7 (citing *Google*, 2021 WL 4427899, at *7).

Both cases are on all fours with this one. In asserting the relevance of the late-disclosed Austin-based Apple employees, Lionra simply quoted snippets from their LinkedIn profiles. Appx110. It drew no connection between those quotes (or anything else in the profiles) and the issues in this case, and it therefore failed to provide any specific reason to believe that these employees would be potential witnesses when Apple had investigated and had not identified them to be so. There is no material difference between this case and *Google* or *LoganTree*. And the district court should not have treated this speculative, non-specific evidence as sufficiently important to avoid sanctioning Lionra's discovery misconduct.

## B.    Absent the procedural error, the district court would have necessarily granted transfer.

The procedural error in this case—allowing the disclosure of new witnesses and evidence for the first time in Lionra's transfer opposition—severely prejudiced Apple in its ability to provide rebuttal evidence on the witness-convenience factor. Without Lionra's new

evidence, the factors would have pointed clearly toward transfer on the district court's own reasoning.  Mandamus is therefore warranted to correct the clear abuse of discretion in denying Apple's motion to strike and to direct that this case be transferred to the Northern District of California.

Only by crediting five of Lionra's belatedly identified witnesses could the district court conclude that "the presence of 5 employees in Austin weigh[s] against transfer."  Appx15.  Taking these five employees off the ledger would have tilted the balance entirely the other way—with three undisputedly relevant witnesses based in the Northern District of California and none based in Austin.  The witness-convenience factor would therefore weigh strongly in favor of transfer. *See In re Apple Inc.*, No. 2021-181, 2021 WL 5291804, at *3 (Fed. Cir. Nov. 15, 2021) ("Because Apple identified several potential party and non-party witnesses residing in the Northern District of California, and no potential witnesses appear to reside in the Western District of Texas, the witness convenience factor weighs strongly in favor of transfer.").

And the sources-of-proof factor could not be neutral, because the district court's only basis for finding relevant evidence in Austin was

these same five late-disclosed employees.  *See* Appx18 ("Apple and Lionra have identified relevant employees in the NDCA and the WDTX," and "[t]he Court believes that all these employees are custodians of the relevant electronic documents.").  Likewise, the district court determined that the local-interest factor was neutral only by including the Austin-based employees in its assessment of where the accused technology was developed.  Appx23.

Excluding Lionra's late-disclosed evidence would radically change the transfer calculus.  Because the district court weighed the compulsory-process factor in favor of transfer, four factors would favor transfer and no factors would weigh against transfer.  And the case for transfer would be abundantly clear.  *See Juniper Networks,* 14 F.4th at 1323 (requiring transfer where "several of the most important factors bearing on the transfer decision in this case strongly favor the transferee court, and no factor favors retaining the case in the transferor court"); *10Tales, Inc. v. TikTok Inc.*, No. 6:20-CV-00810-ADA, 2021 WL 2043978, at *6 (W.D. Tex. May 21, 2021) (granting transfer where "[n]o factor favors keeping this case in this District").

### C.    Even accepting Lionra's improper evidence, the district court should have granted transfer.

For the reasons discussed above, the district court clearly abused its discretion by allowing and ultimately giving decisive weight to Lionra's improperly disclosed evidence.  But even if that evidence had been properly considered, it was still a clear abuse of discretion to deny transfer.

This case has no connection to the Western District of Texas, while the evidence, witnesses, third parties, and local interest are overwhelmingly concentrated in the Northern District of California.  In short, this case involves the type of "stark contrast in relevance, convenience, and fairness between the two venues" that compels transfer.  *Nintendo*, 589 F.3d at 1198.  The § 1404(a) factors weigh strongly in favor of transfer to the Northern District of California.  Mandamus is therefore warranted to ensure that Apple is not forced to litigate and try this case in a clearly inconvenient forum.

### 1.    The private-interest factors strongly favor transfer.

The private-interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure

the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 315. These factors strongly favor transfer here.

*Witness Convenience.* As this Court has explained, "the relative convenience for and cost of attendance of witnesses between the two forums is 'probably the single most important factor in [the] transfer analysis.'" *Juniper Networks,* 14 F.4th at 1318 (quoting *Genentech*, 566 F.3d at 1343); *see also Nintendo*, 589 F.3d at 1198-99. And here, that most important factor weighs strongly in favor of transfer. *See, e.g.*, *Juniper Networks*, 14 F.4th at 1319; *In re Samsung Elecs. Co.*, 2 F.4th 1371, 1379 (Fed. Cir. 2021); Appx74. The district court clearly erred in concluding that this factor weighed against transfer. Appx25.

As discussed above (at 9-10), Lionra provided no basis for asserting that its cherry-picked Austin-based Apple employees are potential witnesses in this case. It provided only the kind of "highly speculative" inferences from LinkedIn profiles that this Court has deemed inadequate. *Google*, 2021 WL 4427899, at *7. That showing was certainly inadequate given that the leaders of the teams that *do*

work on the accused features provided sworn declarations that none of

their team members are in Texas, nor do they work with anyone in

Texas.  Appx88; Appx92; Appx95; *see In re Google LLC*, 58 F.4th 1379,

1384 (Fed. Cir. 2023) (privileging defendant's "sworn, unequivocal"

testimony over plaintiff's "review of [employees'] online profiles").

In sum, there is no evidence of a single relevant witness within

100 miles of the Western District of Texas, and most of the likely

witnesses live more than 1,500 miles from Waco, Texas.  Appx78-79.

For each of these witnesses, a trial in the Western District of Texas

would mean multiple long flights, extended hotel stays, days apart from

their families, and time spent away from their ordinary jobs.  *See In re*

*Volkswagen AG*, 371 F.3d 201, 205 (5th Cir. 2004).  Under a proper

analysis, the witness-convenience factor strongly favors transfer.  *See In*

*re Google LLC*, No. 2021-171, 2021 WL 4592280, at *5 (Fed. Cir. Oct. 6,

2021) (holding that the witness-convenience factor "weighs strongly in

favor of transfer" where "there are several witnesses located in the

transferee forum and none in the transferor forum").  The district court

erred in concluding otherwise.

Furthermore, even if the district court could properly have credited the Austin-based employees simply by virtue of their job or group titles containing words like "4G" or "Wireless/RF," that logic necessarily would mean that it should also credit the 50 Northern California-based employees identified the same way in the same document. Appx169-170. The district court refused to do so, stating that "[g]enerically describing the positions without providing analysis on what type of testimony or information might be elicited … or the relevance to the technology is insufficient to persuade the Court that the employees are generally relevant." Appx12-13. But Lionra provided the exact same kind of generic description for the Austin-based employees, and the district court found that sufficient. There is no rational basis for treating the California-based employees differently. And the resulting "substantial imbalance in witness convenience" would have required weighing this factor "'firmly'" in favor of transfer. *In re Microsoft Corp.*, No. 2023-128, 2023 WL 3861078, at *2 (Fed. Cir. June 7, 2023) (quoting *Google*, 58 F.4th at 1384).

*Sources of Proof.* The sources-of-proof factor "relates to the ease of access to non-witness evidence, such as documents and other physical

33

evidence." *Apple*, 979 F.3d at 1339. "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer," and therefore the location of the defendant's documentation "weighs in favor of transfer to that location." *Genentech*, 566 F.3d at 1345. This factor weighs strongly in favor of transfer. Appx74-76. The district court abused its discretion in finding it neutral. Appx25.

Here, most of the relevant evidence is in California, with none in the Western District of Texas. Appx75-76. Because the research, integration, design, and development of the accused features took place at Apple's and Qualcomm's facilities in California, the custodians of the relevant technical documents associated with those features are also in California (and not in Texas). Appx75. Likewise, the relevant marketing and licensing employees related to the accused products are in California, as are any marketing and licensing documents relevant to this matter. Appx75-76. Meanwhile, there are no relevant documents in the Western District of Texas. Apple's Austin-based employees are not involved in the development, design, and integration of the accused features, and Lionra does not assert that it has any relevant documents in the Western District of Texas. Appx76; Appx112-113.

The district court concluded this factor was neutral, because it reasoned that "relevant Apple employees likely create and maintain relevant electronic documents in both forums, and there is no physical evidence in either forum." Appx18. The "location of document custodians," which affects the ease of access, is certainly relevant. *In re Google LLC*, No. 2021-178, 2021 WL 5292267, at *2 (Fed. Cir. Nov. 15, 2021). But those custodians are in California. The district court reached its contrary conclusion only by crediting as custodians five of the Austin-based Apple employees Lionra identified, while failing to count the additional 58 California-based employees who were similarly situated to Lionra's selections. Appx18; *see also supra* 33. The district court clearly erred in concluding that the sources-of-proof factor was neutral.

*Availability of Compulsory Process.* The availability of compulsory process weighs in favor of transfer because there appears to be "a substantial number of witnesses within the subpoena power of the Northern District of California and no witness who can be compelled to appear in the [Western] District of Texas." *Genentech*, 566 F.3d at 1345; *see also In re Hoffman-La Roche, Inc.*, 587 F.3d 1333, 1337-38

(Fed. Cir. 2009). This factor favors transfer, and the district court clearly erred in concluding that it only "very slightly" favored transfer. Appx19.

Apple identified highly relevant third-party witnesses who could be compelled to appear in the Northern District of California. Appx76-78. Everyone agrees that the accused functionality is implemented in chipsets supplied by third-party Qualcomm, whose relevant documents and any relevant witnesses are also located in California. Appx78. In addition, Apple identified 17 inventors of prior-art references, 11 of whom are in Northern California and 6 of whom are elsewhere in California (and thus subject to the Northern District's subpoena power). Appx77. In contrast, Apple identified only two prior-art inventors within the subpoena power of the Western District of Texas. Appx77-78. And Lionra identified no non-party witnesses in Texas. Appx113-115. The compulsory-process factor thus should have weighed more than "very slightly" in favor of transfer. *See Apple*, 2021 WL 5291804, at *3.

The district court, however, discounted this factor because "neither party has alleged or shown that any" Qualcomm witnesses "are

unwilling" to testify.  Appx20.  The district court recognized that
"[n]either party has shown any indication that Qualcomm (or its
employees) is willing, so the Court must presume they are unwilling."
Appx19.  And even though "the availability of compulsory process
receives less weight when it has not been alleged or shown that any
witness would be unwilling to testify," *In re Planned Parenthood Fed'n
of Am., Inc.*, 52 F.4th 625, 630-31 (5th Cir. 2022), the district court
clearly erred in going so far as to grant this factor virtually no weight.
Everyone agrees that Qualcomm is relevant to this case, as it
manufactures the chipsets that provide the precise functionality
accused of infringement.  While there is no clear indication either way
whether Qualcomm witnesses would be willing to travel from San Diego
to Waco to appear for trial, the risk of losing such important testimony
should surely count more than "very slightly" in the transfer analysis.
Appx19; *see Google*, 2021 WL 4592280, at *7 n* ("The court ... should
have found th[e compulsory process] factor to favor transfer more than
'only slightly'" where there was "no indication that a non-party witness
is willing[.]").

## 2.    The public-interest factors also favor transfer.

The § 1404(a) public-interest factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Volkswagen II*, 545 F.3d at 315 (alteration in original).

Here, the local-interest factor strongly favors transfer, while the rest of the factors are neutral. Appx74. The district court clearly erred in finding the local-interest factor neutral. Appx25.

Because of its "significant connections" with "the events that gave rise to [the] suit," the Northern District of California has a strong local interest. *Apple*, 979 F.3d at 1344-45; *see also Juniper Networks*, 14 F.4th at 1319-20. And since Lionra has no known connections to the Western District of Texas, the local-interest factor strongly favors transfer. *Apple*, 979 F.3d at 1345.

The district court patently erred in finding this factor neutral. It first pointed to the fact that "Apple has a substantial office in Austin,"

38

Appx23, which is not the proper inquiry. *Juniper Networks*, 14 F.4th at 1320 ("[T]his factor most notably regards not merely the parties' significant connections to each forum writ large, but rather the 'significant connections between a particular venue and *the events that gave rise to a suit*.'") (quoting *Apple*, 979 F.3d at 1345). It then treated this factor as neutral by repeating its clearly erroneous conclusion that "individuals who worked on the design, development, and testing of functionality [of] the accused products are likely located within the WDTX." Appx23. But the undisputed evidence showed that Apple's work on the research, design, and development of the accused features in the accused products took place in California, and that no underlying events giving rise to this suit occurred in the Western District of Texas. Accordingly, this factor strongly favors transfer. *See Apple*, 2021 WL 5291804, at *5 ("Because only the Northern District of California has significant connections to the events that gave rise to this suit, the local interest factor weighs strongly in favor of transfer.").

## II.    Apple Has No Other Adequate Means To Obtain Relief.

Mandamus is the only way for Apple to obtain relief here. It is well-recognized that an ordinary appeal "provide[s] no remedy" for an

39

error of venue transfer. *Volkswagen II*, 545 F.3d at 319. As this Court has explained, "the possibility of an appeal in the transferee forum following a final judgment ... is not an adequate alternative." *Apple*, 979 F.3d at 1337 (quoting *In re McGraw-Hill Glob. Educ. Holdings LLC*, 909 F.3d 48, 56 (3d Cir. 2018)). As a result, "a party seeking mandamus for a denial of transfer clearly meets the 'no other means' requirement." *In re TS Tech USA Corp.*, 551 F.3d 1315, 1322 (Fed. Cir. 2008).

Mandamus is even more appropriate here, where the patently erroneous transfer determination was reached through procedurally irregular means. Apple's effort to avoid the need for mandamus review, by following the district court's rulings in prior cases, *see supra* 11, was effectively penalized in this case. Mandamus thus presents the only avenue for Apple to obtain relief.

Without this Court's intervention, Apple will be forced to litigate the merits of this case in a forum that is clearly less convenient. No appeal from final judgment could remedy the inconvenience and expense of litigating in a forum with no connection to this dispute. And

Apple cannot recapture its statutory right to have the case tried in California once a trial has gone forward in Waco.

## III.  Mandamus Is Appropriate Here Because The Equities Heavily Favor Apple.

The equities make mandamus especially "appropriate under the circumstances" here. *Volkswagen II*, 545 F.3d at 311 (quoting *Cheney*, 542 U.S. at 381). "[A] court must exercise its discretion within the bounds set by relevant statutes and relevant, binding precedents," and "mandamus is entirely appropriate to review for an abuse of discretion that clearly exceeds the bounds of judicial discretion." *Id*. at 310. Here, mandamus is warranted because the district court's order rulings unfairly prejudiced Apple, and will have a profoundly negative impact on future patent litigation if permitted to stand.

The district court's ruling results in a catch-22 for litigants who, like Apple, are haled into court in the Western District of Texas in cases that have no connection to that forum. It leaves defendants unable to effectively address evidence that plaintiffs withhold during venue discovery and then submit with their transfer oppositions. A ruling like this makes venue discovery a one-way street, giving plaintiffs incentive to stonewall discovery and sandbag defendants by waiting until the

41

opposition brief to reveal their evidence against transfer. And there is no principled reason why the district court's "harmless error" reasoning wouldn't apply in every case. A district court can always say that information about a defendant's own employees was in the defendant's possession in the first place, and then fault defendants for not providing the precise information plaintiffs ultimately claim is relevant.

Finally, "writs of mandamus are supervisory in nature and are particularly appropriate when the issues also have an importance beyond the immediate case." *Volkswagen II*, 545 F.3d at 319. The approach taken by the district court in this case all but invites future litigants to deploy similar tactics. This Court should weigh in before this approach —allowing the disclosure of new witnesses and evidence for the first time in opposition, and crediting speculative ties to the transferor forum while discounting sworn declarations on the other side of the ledger—becomes standard practice.

## CONCLUSION

The Court should grant the petition, vacate the district court's decision denying Apple's motion to transfer, and direct the district court to transfer the case to the Northern District of California.


Respectfully submitted,

*/s/ Melanie L. Bostwick*

Melanie L. Bostwick
Jonas Q. Wang
ORRICK, HERRINGTON & SUTCLIFFE LLP
1152 15th Street, NW
Washington, DC 20005
(202) 339-8400

Melanie R. Hallums
ORRICK, HERRINGTON & SUTCLIFFE LLP
2121 Main Street
Wheeling, WV 26003

Brittany Blueitt Amadi
WILMER CUTLER PICKERING HALE AND DORR LLP
2100 Pennsylvania Avenue, NW
Washington, DC 20037

Sarah R. Frazier
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, MA 02109

*Counsel for Petitioner*

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Federal Circuit by using the appellate CM/ECF system on June 14, 2023.

A copy of the foregoing was served upon the following counsel of record and the district court via FedEx:

> Brett E. Cooper
> Seth R. Hasenour
> Drew B. Hollander
> BC Law Group, P.C.
> 200 Madison Avenue, 24th Floor
> New York, NY 10016
> Telephone: (516) 359-9668
> bcooper@b-clg.com
> shasenour@b-clg.com
> dhollander@b-clg.com

> Hon. Alan D Albright
> United States District Court for the Western District of Texas
> 800 Franklin Avenue, Room 301,
> Waco, Texas 76701
> Telephone: (254) 750-1501

ORRICK, HERRINGTON & SUTCLIFFE LLP

/s/ Melanie L. Bostwick
Melanie L. Bostwick
*Counsel for Petitioner*

# CERTIFICATE OF COMPLIANCE

The petition complies with the type-volume limitation of Fed. R. App. P. 21(d)(1) because this petition contains 7761 words.

This petition complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this petition has been prepared in a proportionally spaced typeface using Microsoft Word for Microsoft 365 in Century Schoolbook 14-point font.

ORRICK, HERRINGTON & SUTCLIFFE LLP

*/s/ Melanie L. Bostwick*
Melanie L. Bostwick
*Counsel for Petitioner*